## STATE v. CABLE-BURTON PIANO CO.

### 8 Div. 503.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied Oct. 12, 1933.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Robert E. Smith and Robert W. Smith, both of Birmingham, for respondent.

BROWN, Justice.

This case calls for a construction of schedule 85 (section 361) of the General Revenue Law (Gen. Acts 1919, p. 395), as amended by the act approved October 6, 1920 (Gen. & Loc. Acts 1920, p. 139).

The first division of this schedule—"For each person engaged in the business of selling, renting or delivering pianos, organs, talking machines, small musical instruments, or all such articles in this State, either in person or by agent, consignee or broker, one hundred dollars as a license to the state for each county in which he may do business or in which he sells or attempts to sell such articles, and one-half of such amount as a license to each such county"—applies to dealers and their agents or brokers who have no permanent place of business in this state.

The second division of the schedule applies to merchants or dealers having one or more permanent places of business in this state, keeping any of said articles as a part or all of their stock in trade; and requires the payment of a state license for each permanent place of business; and section 362 of the Revenue Laws of 1919 (Gen. Acts 1919, p. 440), page 282, Revenue Code 1929, § 335, required the payment of a county license to the county in which such permanent place of business was maintained.

The only change wrought by the proviso added by the amendment of 1920 was to fix the county license on a population basis, where the selling price of the specified articles carried exceeded $10, and such dealers who carried the articles specified in said proviso, where the selling price was less than $10, are governed as to county license, by section 335 of the Revenue Code of 1929.

It must be conceded that the statute is awkwardly expressed and its language is confusing. We have, however, been aided in our interpretation of it by the legislative constructions embodied in the last clause, "This shall not be construed to entitle a licensee to maintain branch establishments or stores without payment of regular license for each branch or store both state and county, required under this schedule." Gen. & Loc. Acts 1920, p. 139.

On the agreed case, the defendant was liable for a state license for each of the years, 1926–27, 1927–28, 1928–29, 1929–30, and 1930–31, for the business conducted in Madison county.

The ruling of the Court of Appeals was not in accordance with these views, and the judgment of that court is reversed and the writ of certiorari awarded, with direction to enter judgment for the plaintiff.

Judgment reversed; writ awarded.

All the Justices concur.